## Gus Ladwig v. The State.

### No. 824.   Decided May 24, 1899.

**1.   Local Option—Evidence—Minutes of Commissioners Court.**

On a trial for violation of local option it is competent to introduce in evidence the minutes of the commissioners court, though they are not signed by the judge nor attested by the clerk, where it is uncontroverted that the book from which they were read was the record book containing the minutes of said court.

**2.   Same—Special Session of Commissioners Court—Jurisdiction.**

On a trial for violation of local option, where it appeared that the regular term of the commissioners court convened on the 14th of November, and was by law authorized to hold a session of one week only; and said court, without specifically calling a special session, adjourned to meet again on the 21st of November;   Held, in favor of the jurisdiction, that the meeting and session held on the 21st should and will be treated as a special or called session, and that the court could then transact any business before it, including an order for the local option election.

**3.   Same—Election in Precinct After Adoption in Entire County.**

Under the former law, which was in existence in 1892, it was competent to hold a local option election in a precinct, notwithstanding it had previously been adopted for the entire county; but under the Act of 1893 the rule is otherwise.

**4.   Same—Publication of the Result of the Election.**

An entry of the order declaring the publication of the result of a local option election was made by the county judge in the following words, viz.: "I hereby certify that due proclamation of the result of the election held in justice precinct No. 7, B. County, on the 17th day of December, 1892, has been made as the law requires." Held, insufficient under the provisions of article 3391, Revised Statutes, which requires, in order to constitute an entry of such order prima facie evidence of the publication, it should show the character of publication, how published, and that it was published the required length of time.   The entry, as quoted above, merely recites the conclusion of the judge, and does not recite how the result was published, whether by posting or by publication in some newspaper for the required length of time.

**5.   Same—Charge of Court.**

On a trial for violation of local option, where the defensive theory, though shadowy, was that defendant did not sell the beer, the court should have given a charge presenting this issue of the case in behalf of the defendant.

**6.   Same—Sale.**

On a trial for violation of local option, a sale of intoxicants will constitute a violation, regardless of whether accused made any profit or not out of said sale.

**7.   Same—Evidence.**

On a trial for a violation of local option, evidence is admissible to show that defendant believed that he was only delivering the beer of another to the party receiving it, and had no idea of selling it to him.

Appeal from the County Court of Bell.   Tried below before Hon. John M. Furman, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement necessary.

*A. M. Monteith* and *Hair & Pendleton,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—There was no error in the action of the court admitting proof by Port Polk that the town of Killeen is in precinct No. 7 of Bell County, although this witness stated that he had never seen the lines of said justice precinct run. The sale was shown to be in Killeen, and it was shown that the Justice Court of precinct No. 7 was held in Killeen. Proof on this point of the order of the court making Killeen the place to hold said Justice Court of precinct No 7 was properly admitted.

Appellant objected to the minutes of the County Commissioners Court being admitted, because the same were not signed by the judge, nor attested by the clerk. It is true, the statute authorizes the minutes to be signed by the judge and attested by the clerk, but this has been held to be directory and not mandatory. The proof was uncontroverted that the books containing the minutes were the record minutes of the County Commissioners Court. Jordan v. State, 37 Texas Crim. Rep., 224.

Appellant also urged as an objection to the introduction of the order for the election that the order was made on the 21st day of November, 1892; that the Commissioners Court met in regular session on November 14, 1892, and there was no order authorizing the special session on the 21st, the order being merely for an adjournment to that date; and inasmuch as the Commissioners Court was authorized to meet on the second Monday of November, which was the 14th, and to hold session for one week, that the court was not authorized to adjourn to the 21st. Although no order was produced calling the special session of the court for the 21st of November, we will presume, in favor of the jurisdiction of the court, that the meeting of the court on the 21st of November was in pursuance of a call for a special session. Rev. Stats., arts. 3384, 3386, 3390. It was competent for the judge or any three commissioners to call a special term of said court; and, although the order may show on its face an adjournment, the subsequent meeting of the court on the 21st will be treated as a special or called session, and the court could then transact such business as might be brought before it, including an order for the local option election.

Appellant offered to introduce the proceedings showing an election for local option in the whole of said Bell County in 1877, and that local option carried in that election. This was objected to by the State on the ground that it was irrelevant, and was sustained by the court. Appellant insists that said proof was admissible for the purpose of showing that under said former election local option was in effect in the whole of Bell County, and that the local option election in precinct No. 7 of Bell County was not authorized. Formerly it was held that, although local option may have been adopted in the entire county, the question could be brought up and voted on in the precinct. Whisenhunt v. State, 18 Texas Crim. App., 491. But under the Act of 1893, and as construed, such does not seem to be the rule. Ex Parte Fields, 39

Texas Crim Rep., 50. This election, however, was held in 1892, while the rule laid down in Whisenhunt v. State was in force; and, under that decision it was competent to hold the election in precinct No. 7 while local option was in force in Bell County.

Appellant objected to the following order of the court, offered for the purpose of showing that the result of the election had been duly published: "I hereby certify that due proclamation of the result of the election held in justice precinct No. 7, Bell County, on the 17th day of December, 1892, has been made as the law requires. [Signed] John M. Furman, County Judge of Bell County." Appellant objected to this, because (1) it does not show in which mode the proclamation of said order was made,—whether by posting notices or by publication in a newspaper for four consecutive weeks; (2) the certificate and entry does not show said order to have been published for four successive weeks in any newspaper in Bell County; (3) the certificate and entry does not show that any newspaper was selected by the county judge in which to publish said proclamation of said order; (4) said certificate and entry does not state any fact or facts, but states a conclusion and opinion of the county judge that said order had been duly and legally proclaimed as required by law. These objections were overruled by the court, and the order admitted. In this connection we have searched the record to ascertain if any other proof was made by the State of publication than this certificate or order of the judge from the minutes of the court, but find none. Appellant objected to the court's charge on this subject, and asked the following, which was refused: "You are charged that the order of the county judge of Bell County, Texas, in Book G, page 428, Minutes of the Commissioners Court, recites that due proclamation had been made of the order by the Commissioners Court declaring that prohibition had carried in justice precinct No. 7, Bell County, Texas, but does not recite how said proclamation had been made, and the same raises no presumption that said proclamation had been duly made, and without said evidence there is no legal showing that local option was in force in said precinct; and, this being the case, you must find the defendant not guilty." Article 3391, Revised Statutes, is as follows: "The order of the court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose. If there be no newspaper published in the county, then the county judge shall cause publication to be made by posting copies of said order at three public places within the prescribed limits for the aforesaid length of time. The fact of publication in either mode shall be entered by the county judge on the minutes of the commissioners court. An entry thus made, or a copy thereof certified under the hand and seal of the clerk of the county court, shall be held sufficient prima facie evidence of such fact of publication." Now, we hold that the

order adduced in evidence was not in compliance with the above statute. Said order merely certifies a conclusion of the judge, and does not recite how said result was published,—whether by posting or by publication in some newspaper for the required length of time. It does not embody a statement, as required by the statute, and, in the absence of some supplementary proof, did not establish on behalf of the State the prima facie case as contemplated by the statute. We have heretofore held that, where the statute was complied with in regard to the publication putting local option into effect, the burden was then on defendant to show that some of the required preliminary steps had not been taken. Shields v. State, 38 Texas Crim. Rep., 252. We also held that if the entry from the county court minutes showing the order putting local option into effect is not introduced in evidence, but parol evidence is resorted to to show the publication, then it is error to charge the jury that local option had gone into effect. Jones v. State, 38 Texas Crim. Rep., 533. We hold that the order of the county judge must show the character of publication, how published, and the required length of time; and that the order here introduced was not in compliance with the statute, and did not constitute a prima facie case contemplated by the statute; and that the court, in the absence of any other proof on the subject, should have given the requested charge.

Appellant offered some proof that he was requested by one Harkins, in conjunction with others, who claimed to be in a club, to send to Belton for a cask of beer; that he was in the habit of sending for beer, the parties furnishing the money, and sometimes, where he knew the parties, he would furnish the money himself, and they would repay him, but that he never made any profit on the beer; that on the day in question Harkins did not give him the money, but told him to send for two gallons of beer for him; that subsequently he told him that he would be absent, and to let one Nail have his beer; that in the evening, when the beer came, the prosecutor, Port Polk, applied to him for the beer, and said he wanted Nail's beer, and paid him a dollar; that he then thought it was the same beer for which he had sent for Harkins; that Nail was present, and Harkins came, and helped drink the beer; that he heard Polk tell Harkins it was his beer he was drinking. The theory of defendant was that he did not sell the beer, but merely ordered it for Harkins, and that he understood defendant to apply for Harkins' beer. It is true this evidence is rather shadowy, but we are not prepared to say that the court should not have given a charge presenting this issue of the case on behalf of defendant, as the court gave no charge presenting this view of the case. Of course, if it was a sale to Polk,—and his testimony amply supports this theory,—then it would be a sale, regardless of whether appellant made any profit or not on the beer.

Appellant also complains that the court refused certain evidence offered by him to sustain his theory that it was not a sale by him to

Polk of the beer in question, but that he sent for the beer on behalf of Harkins, and that, when Polk received it and paid for it, he believed he was delivering him Harkins' beer, and had no idea of selling it to Polk. In our opinion, this testimony was admissible. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*