## PAT MAGILL v. THE STATE.

### No. 3507. Decided April 17, 1907.

**1.—Local Option—Ordering Election—Posting Copies.**

An order for a local option election which provided that the county clerk post at least five copies of the order of the commissioners court at different places in the said B. county in the manner and for the length of time required by law, and officially signed by the county judge of said county, was a sufficient compliance with the law.

**2.—Same—Publication of Order—Certificate of County Judge.**

It is not necessary in publishing the order of the commissioners court declaring the result of the local option election to state the particular issues of the paper in which the publication was made; the certificate of the county judge that publication was made for four successive weeks as required by law would be a sufficient statement of the fact.

**3.—Same—Witness—Refreshing Memory.**

Upon a trial for a violation of the local option law, there was no error in permitting the State's witness to read over his testimony written in the grand jury book to refresh his memory; especially where he had already stated his testimony and the memorandum in the book was simply a reiteration of his testimony.

**4.—Same—Evidence—Rebuttal—Affirmative Matter.**

Upon trial for a violation of the local option law, there was no error to introduce a State witness, after the defendant's evidence had been closed who testified to affirmative matter with reference to the sale of beer by defendant and that he had the same analyzed.

**5.—Same—Expert Chemist—Analysis—Per Cent. of Alcohol.**

Upon trial for a violation of the local option law the testimony of an expert admitted with reference to the analysis of certain liquor and the per cent. of alcohol it contained, which had no connection with any liquor sold by the defendant and did not show that it was of the same character as that sold, was inadmissible.

Appeal from the County Court of Burnet. Tried below before the Hon. J. G. Cook.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*P. E. Hammond* and *W. H. Browning,* for appellant.

*F. J. McCord,* Assistant Attorney-General, and *J. M. Taylor,* for the State.—On question of analysis: Parker v. State, 8 Texas Ct. Rep., 112.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and twenty days confinement in the county jail.

During the trial appellant objected to the order of the commissioners court ordering a local option election made on the 25th of July, 1901. The objection urged to this order is an alleged failure to instruct the county clerk of Burnet County to post the notices in said order mentioned in public places in said county, and fails to designate the length of time said notices should be posted, but leaves it to the discretion of said clerk. That portion of the order reads, as follows: "* * * and it is further ordered that the county clerk post at least five copies of this order at different places in the said Burnet County in the manner and for the length of time required by law. (Signed) Ike D. White, County Judge of Burnet County, Texas." We think this is a sufficient compliance with the law. It ordered five copies posted at different places, which evidently means five different places in Burnet County in the manner and for the length of time required by, law. This referred to the law which authorized the posting of these notices, which gives the manner and length of time required.

Appellant also objected to the order of the commissioners court and the certificate of the county judge of Burnet County thereto, because it nowhere appears in the certificate of said county judge in what issues of the Burnet Bulletin the said order of the commissioners court was published; is a mere conclusion or assertion of the officer that said publication was made for four successive weeks, unsupported by the statement of facts necessary to show that the said order had been published in the manner and for the length of time required by law. The certificate of the county judge, in connection with said proceedings, is as follows: "I, Ike D. White, County Judge of Burnet County, hereby certify that this order declaring the result of the prohibition election held in Burnet County on August 22, 1901, dated on the 2nd day of September, 1901, and recorded on this and the next succeeding page, to wit: pages 527 and 528, was published in the Burnet Bulletin, a newspaper published in Burnet County, Texas, for four successive weeks, as required by law." The contention here is that the

specific issues of the newspaper should have been stated in the judge's certificate. Article 3391, Civil Code, requires the fact of publication in either mode (that is, whether by publication in a newspaper or by posting notices) shall be entered by the county judge. An entry thus made or a copy thereof is prima facie evidence, etc. The previous portion of the section requires that the order shall be published for four successive weeks in some newspaper published in the county wherein the election was held, which newspaper shall be selected by the county judge. We do not believe it is necessary to state the particular issues of the newspaper in which the publication was made. The certificate of the county judge that publication was made for four successive weeks as required by law would be a sufficient statement of the fact. In Ladwig v. State, 40 Texas Crim. Rep., 585, it was held that the following certificate was not sufficient: "I hereby certify that due proclamation of the result of the election held in justice precinct number seven, Bee County, on the 17th day of December, 1902, has been made as the law requires." But this case cannot be invoked as authority to invalidate the certificate here given; that certificate was merely a conclusion of the county judge; here he states in his certificate facts; that is, that the order was published in the Burnet Bulletin, a newspaper published in Burnet County, Texas, for four successive weeks as required by law. In Lively v. State, 7 Texas Ct. Rep., 189, the judgment was reversed because the orders of the court putting local option into effect are not shown in the statement of facts. It is said in the opinion: "The certificate of the county judge which was required to put local option into effect is not such as is authorized by law." In this connection it is shown that the certificate of W. W. Cooke, County Judge of Montague County, in which he states that said notice of the results was published in the Montague Democrat on June 21st, June 28th, July 5th, and July 12th, 1902; it does not appear that the result was made manifest among the orders, and the orders themselves were not copied in the record but reference thereto was made. So we take it that neither of these cases are authority for the proposition that the certificate here shown is insufficient.. We believe the certificate was sufficient.

There is a bill of exceptions to the action of the court in allowing the State's witness to read over his testimony before the grand jury written in the grand jury book on cross-examination by the State. The court explains this bill by stating that the witness Bingham having apparently, read over some entry or writing in a book, reiterated and reaffirmed. his statement made before reading the book, that he did drink whisky several times during the day, and drank the substance called Uno at regular intervals on the same day; that neither the court nor counsel for defendant saw or read the entry in the book that was shown to the witness, and can only conjecture what it was. As explained there was no error in this action of the court; at most, the

book was used to refresh the recollection of the witness, and he reiterated his testimony.

After the State had rested its case, and the defendant's evidence had been heard, one J. W. Scott was placed upon the stand as a witness for the State, and testified that on the 26th day of October, 1906, he purchased at the club-room of the defendant, in Bertram, Texas, some Ino, and that he brought some of it to Burnet, and that he afterwards, to wit: on the 27th day of January, 1907, took some of this Uno to Austin, Texas, and on the 29th day of January, 1907, delivered the same to one C. T. Dowell for analysis, and that while in Austin the said witness purchased a bottle of Schlitz beer and a bottle of Budweiser beer, and delivered that also to the said Dowell to be analyzed by him, and the defendant at the time it was offered objected to said testimony for the reasons following: "Because the same was not in rebuttal of any evidence brought out by the defendant, was affirmative matter that should have been brought out in the trial of the case before the State rested its case, was taking an unfair advantage of the defendant, and was calculated to injure him," etc.   We do not believe these objections were tenable.

In the next bill of exceptions it is shown that the witness C. T. Dowell was placed on the stand for the State, and was permitted, over appellant's objections, to testify that he was a chemist, and sometime about the 20th day of December, 1906, J. R. Smith, turned over to him at Austin certain bottles containing fluid for an analysis; that he analyzed the same and found that one of the bottles contained $3\frac{3}{4}$ per cent. alcohol and the other bottle contained 3 9-10 per cent. alcohol; that he analyzed ten bottles of fluid for J. W. Scott; that he found one of the bottles delivered to him by Scott contained 4 2-10 per cent. alcohol, one bottle 1 68-100 per cent. alcohol, another 3 58-100 per cent. alcohol, another 1 84-100 per cent. alcohol, another 1 77-100 per cent. alcohol, another 3 98-100 per cent. alcohol, another 1 69-100 per cent. alcohol, another 3 96-100 per cent. alcohol, another 1 78-100 per cent. alcohol, and one 3 51-100 per cent. alcohol; that he also analyzed one bottle of Schlitz beer and one bottle of Budweiser beer for said Scott; that the Schlitz beer contained 4 2-100 per cent. alcohol, and the Budweiser contained 3 87-100 per cent. alcohol.   The defendant at the time objected to said testimony for the following reasons: "Because the same was not in rebuttal of any evidence brought out by the defendant, was affirmative matter which should have been brought out in the trial of the case before the State rested its case; was taking an unfair advantage of the defendant, and was calculated to injure him, and because the same was irrelevant and immaterial to any issue in the case."   It has been held that it was competent where the question in issue was whether the liquid sold was an intoxicant that it could be shown that an analysis of the liquor was made, and this shown in evidence by an expert; and it has further been held that this could be done where it was shown that the liquor analyzed was similar or the

same character of liquor as that shown to have been sold.  See Parker v. State, 8 Texas Ct. Rep., 1112.  But the question here presented is does this bill show an error of the court, which, under our decisions, with reference to bills of exception, it is incumbent on the party complaining of the action of the court to show.  Here analysis of a number of different bottles of liquid was shown, but what bearing they had on the case or what connection they had with it is not shown.  While there is no specific objection in the bill that the contents of these bottles was not shown to have been of the same liquid shown to have been sold by appellant to prosecutor or of similar character, yet in the very nature of things it occurs to us that they could not be either the same or liquor of similar character, and the objection that said evidence was irrelevant and immaterial we think would challenge the correctness of the ruling of the court in holding that an analysis of said liquors could be shown to the jury.  The bill immediately preceding this shows that the witness Scott bought some Uno from appellant, but whether this was the same character of liquor alleged to have been sold to him is not shown; that he also bought at Austin some Schlitz and Budweiser beer.  These bottles evidently had no connection with any liquor sold by appellant.  Indeed, we fail to see how an analysis of these various liquors and showing the quantum of alcohol they may have contained, could have any bearing on appellant's case, as he certainly could not have been prosecuted for selling intoxicating liquors similar to those analyzed.  An examination of the record discloses that the prosecuting witness testified that the liquor he bought from appellant was called Uno and that appellant sold it to him openly over the counter.  What light the analysis of all these liquors could shed on this sale we are unable to comprehend.  We accordingly hold that the introduction of this character of evidence appears to us to be irrelevant and immaterial to any issue in this case, and should not have been admitted.

The case is accordingly reversed and the cause remanded.

*Reversed and remanded.*