Clay Dulin v. The State.

No. 4209.     Decided February 5, 1908.

**1.—Local Option—Information.**

Where upon trial for a violation of the local option law, the information followed approved precedent, there was no error.

**2.—Same—Plea to Jurisdiction—Terms of County Court.**

Where upon trial for a violation of the local option law, the terms of the county court, during one of which defendant was being tried, were fixed according to approved precedent there was no error. Following Potts v. State, 52 Texas Crim. Rep., 368.

**3.—Same—Charge of Court—Defensive Theory.**

Where upon trial for a violation of the local option law, there was some evidence, showing that the defendant did not make the sale of the whisky alleged to have been sold by him, the court should have submitted a charge on this issue raised by the evidence.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the county court of Grayson County on a charge of selling intoxicating liquors in violation of the local option law.

There are several questions raised in the record.   First:   Complaint is made of the information and affidavit filed in the case and seeking to attack these, appellant filed a motion in arrest of judgment, calling in question the sufficiency of the complaint and information filed against him.   In view of the decisions made, not only at this term of the court but other decisions, we deem it unnecessary to discuss this contention of appellant.   The complaint and information are good.   See Stephens v. State, 97 S. W. Rep., 483; Albert Watson v. State, 52 Texas Crim. Rep., 551 decided January 22, 1908; and Key v. State, 37 Texas Crim. Rep., 77.

Second.   There was a plea to the jurisdiction of the county court, because, as claimed by appellant, the terms were not properly fixed by the commissioners court.   This precise question was raised and considered by us in the case of Fred Potts v. State, 52 Texas Crim. Rep., 368 decided January 22, 1908, and the exact contention here made decided adversely to appellant, and need not, therefore, be further noticed.

Third.   The information in this case alleged the sale of intoxicating liquor by appellant to Bob Taylor on June 26, 1905.   The prosecuting witness Taylor, testified, in effect, that with one Hash, he went to the east side of the square in Sherman, where defendant was working; that Hash introduced him and said to defendant to let me have what I wanted.   That he told defendant he wanted some whisky, which he set out for him.   He got a quart and paid defendant $1 for it.   That this was about 3 o'clock; that after he got the whisky he and Hash went to the horse rack, then down to the wagon yard, and that Savage and Hash went with him there, where they opened the bottle and sampled it.

The witness Hash, for the defendant, testified that on the day in question, Taylor wanted to know where he could get a drink, and he replied that he did not have any money, but stated that he might get a drink where the darky stays.   That Taylor gave him the money and he went in there and got two drinks from a negro; that neither one of them got a quart or two quarts, but only got a drink.   That Taylor did not pay any money to anybody in there, and that he, witness, did not pay any money to the defendant; that he just laid down the money in front of the darky for the drinks, and at this time defendant was down at the west end of the bar.

Defendant introduced one Tom Sartin, who testified, in substance, that in the conversation with Taylor in December or January, after the alleged sale, that Taylor stated to him that he had never purchased any intoxicating liquor from defendant.   That he, Taylor, gave Hash some money, and Hash went away; that he stayed down by the horse rack until

Hash came back with the whisky, and that one Tom Mitchell was present when he brought it back.

The witness Mitchell was introduced, who testified substantially, as follows: That about two years ago, on one occasion, he remembered seeing Taylor and Hash together in Sherman down by the horse rack; that he went to his buggy and one Savage was standing there, with whom he talked a little while; that Taylor went off, and directly came back with Hash, who had a quart of whisky wrapped up in a paper; that they went across to Smith's place where the paper was unwrapped, and that he took a drink of it.

In this state of the evidence, appellant requested the following charge: "If you believe from the evidence in this case that the prosecuting witness, Bob Taylor, gave money to John Hash to go and get whisky, and that said Hash went and got a quart of whisky, or if you have a reasonable doubt of this you will return a verdict of not guilty." Undoubtedly, the testimony of the witness Taylor for the State makes out a clean cut sale by appellant to Taylor. This is in some measure corroborated by the testimony of Mitchell. On the other hand, Hash testified that a negro sold Taylor and himself two drinks of whisky at the bar where the defendant was at the far end, and did not sell any bottle of whisky to Taylor. The testimony of Sartin was introduced by appellant for the purpose of impeaching State's witness Taylor; and, if true, shows that Taylor had stated that he gave Hash the money, and he got the whisky for Taylor. In the case of Ladwig v. State, 40 Texas Crim. Rep., 585; 51 S. W. Rep., 390, it is held that "In a criminal prosecution for violation of the local option law, it is error to refuse to submit to the jury a theory of the defendant's defense, which has some evidence to support it, though such evidence be of slight weight." There was undoubtedly some evidence, the weight and credibility of which we are not called upon to determine, raised by the defense which this special charge pertinently submitted. In the light of this request for the submission of the issue so raised by the testimony, we think same should have been given.

The judgment of the lower court is reversed and the cause is remanded.

*Reversed and remanded.*