## ROY HARRYMAN v. THE STATE.

### No. 3649.    Decided May 13, 1908.

**1.—Local Option—Publication—Certificate—Orders—Evidence.**

Where upon trial of a violation of the local option law, the certificate of publication stated in express terms that the publication was made for the time and in the manner required by law; that it was made in a weekly newspaper in the county affected, naming the newspaper, as designated by the county judge, the same was sufficient and admissible in evidence, without stating that the publication was for four successive weeks. Such certificate must be construed in the light of other records and the facts in the case.

**2.—Same—Charge of Court—Presumption.**

Where upon trial of a violation of the local option law it appeared that publication was made as provided by law, the court correctly charged the jury that the sale of intoxicating liquors was at the time of said offense prohibited in said county.

**3.—Same—Sufficiency of Evidence.**

Where upon trial of a violation of the local option law the evidence was conflicting, a conviction will not be set aside.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant was convicted in the County Court of Brown County on a charge of selling intoxicating liquors in said county in violation of the local option law. He was given the full limit of the penalty prescribed by law, $100 fine and confinement in the county jail for sixty days. He appeals to this court and for reversal assigns several grounds why the conviction should be set aside.

1. The State in making proof of the legal adoption of the local option law in Brown County, and as evidence of the fact of publication of the result of the local option election, offered the following document: "Whereas, S. C. Coffee, county judge of Brown County, Texas, did on the 26th day of September A. D. 1906, select and designate the Pecan Valley News, a weekly newspaper published in Brown County, Texas, to publish said order of said commissioners court declaring the result of said election, and the order prohibiting the sale of intoxicating liquors in Brown County. Now, therefore, I, S. C. Coffee, county judge of Brown County, Texas, do hereby declare the publication of said order of the commissioners court of Brown County, Texas, prohibiting the sale of intoxicating liquors to be completed by publication in the Pecan Valley News, a weekly newspaper published in Brown County, Texas, for the time and in the manner required by law.

Entered on the minutes of the commissioners court of Brown County, Texas, on this the 16th day of November, A. D. 1906, at 3 o'clock p. m.

"(Signed) S. C. Coffee,

"Co. Judge, Brown Co.

"Attest: W. T. McChristy, Co. Clerk.

"On commissioners court minutes book 1, page 280."

It appears from the record that the commissioners court of Brown County, had on the 26th day of September, 1906, ascertained and declared the result of the election and passed an order prohibiting the sale of intoxicating liquors in said county, and that the said court ordered publication to be made for four successive weeks beginning October 4, 1906. On the same day, that is, September 26, 1906, S. C. Coffee, county judge of Brown County, designated in writing and selected the Pecan Valley News, a paper published in Brown County, in which the result of the election was to be published. The objection to the order quoted above was: (1) That it does not show on its face that before the result was declared that the alleged order of the commissioners court

declaring the vote and result of the election held on the 15th day of September, 1906, had been published for as many as twenty-eight days from October 4, 1906, or for four consecutive weeks in succession, but merely recites that publication was made for the time and in the manner required by law.  Some objection is also urged that this certificate or order purports to be simply entered on the minutes of the commissioners court of Brown County and same does not in terms purport to be signed by anyone as the county judge of Brown County, Texas, and that such publication is insufficient to put anyone at large on legal notice not to sell intoxicating liquor in Brown County, Texas, on or after the 16th day of November, 1906, for the reason that it does not appear that the alleged order of the commissioners court so purporting to be published, prohibiting the sale of intoxicating liquor, was specifically meant or intended to prevent such sale in said county on or after the 16th day of November, 1906, and that such order is not therefore legal evidence for the State to adduce in the prosecution of the case.  Article 3391, Revised Statutes, among other things, provides as folows:  "The fact of publication in either *mode* shall be entered by the county judge on the minutes of the commissioners court.  And entry thus made, or a copy thereof certified under the hand and seal of the clerk of the county court shall be held sufficient prima facie evidence of such fact of publication."  This article also provides that the order of the court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper in said county which shall be selected by the county judge, or if there be no newspaper in the county, then the county judge shall cause same to be posted at three public places within the prescribed limits for the aforesaid length of time.  It is not in terms provided that the details of the publication shall appear in the certificate required to be filed but merely that the fact of such publication and the mode thereof shall be stated.  The law is plain and the time definitely fixed during which publication shall be made, whether by notice or by publication in a newspaper.  The certificate in question states in express terms that publication was made for the time and in the manner required by law, and that such publication was completed by publication in the Pecan Valley News, a weekly newspaper published in Brown County, and the same newspaper theretofore designated by the county judge.  The statement in the certificate should receive a fair and sensible interpretation.  We think that when the county judge states that publication was made for the time required by law that this was the equivalent of stating that such publication was made for four successive weeks and is not obnoxious to any fair criticism. This certificate is to be construed in the light of the other records and facts in the case.  The order declaring the result and making the order prohibiting the sale of intoxicating liquors was entered on the 26th day of September, 1906.  On the same day the judge selected the Pecan Valley News as the paper in which the publication is to be made and the court directs that the first publication shall be made on the 4th

of October, 1906; between either of these last named dates and the 16th day of November, 1906, more than four weeks intervened. Having reference and regard to these facts, the only proper interpretation of the language of the certificate, includes the statement that it had been published in a newspaper, the name of the newspaper is given and the statement that such publication had been made for the time required by law, is but another way of stating that such publication had been made for four consecutive weeks, in the newspaper designated by the county judge.

We think that the conclusion here reached is not at variance with the decision in the case of Ladwig v. State, 40 Texas Crim. Rep., 585. In the Ladwig case the certificate was as follows: "I hereby certify that due proclamation of the result of the election held in justice precinct No. 7, Bell County, Texas, has been made as the law requires." It does not appear in this certificate in the first place, whether the publication had been made in the newspaper or by posting, or if in the newspaper, whether that selected by the county judge or some other paper, nor, is there any statement in respect to the time of publication at all. It does not comply with the statute which provides that the *mode* of publication shall appear in the certificate. Under this certificate it would seem obvious that an objection could well be made that it did not embody any statement of fact but the conclusion merely of the county judge. In the case of Wade v. State, 52 Texas Crim. Rep., 608, 108 S. W. Rep., 376, in construing the sufficiency of the allegations, under the indictment, this court said: "While it is conceded that all the statutory provisions precedent to putting the local option law into operation must be complied with and that unless this is shown the law will not be operative, it is not required in an indictment charging a violation of local option law that the evidence constituting a performance of such preliminary steps shall in all respects be specifically pleaded. It is sufficient in general terms to aver the adoption of local option election and when the indictment alleges that the order was made as required by law, this would be sufficient under the strictest rule ever adopted by this court." We are of opinion that in the light of the entire record the certificate is sufficient to make out a prima facie case and that the court did not err in overruling the objection of appellant thereto.

2. Complaint is made that the court erred in his charge to the jury wherein the court instructed them in effect that the sale of intoxicating liquors had theretofore been and was then and there prohibited in Brown County, under and by virtue of the laws of this State and that the local option laws were in force in Brown County, Texas, on the 23d day of March, 1907, and had been since November 16, 1906. It is insisted that this charge is erroneous in that the court was not, under the testimony, justified in instructing the jury peremptorily that the sale of intoxicating liquors was at the time of the said offense prohibited by law in Brown County. Having held that publication was made as provided by law, it results that we can not sustain this assignment.

3. The only remaining ground assigned for reversal is the contention of appellant that the verdict and judgment of the court is contrary to the law. The evidence was directly conflicting. The prosecuting witness Wallace, testified in terms to a sale of whisky by appellant to him. This was denied by appellant. It was shown by the testimony of the sheriff of Brown County, that appellant had at the time of the alleged sale, and at the date of the trial, a retail liquor dealer's license. In this state of the proof, we would be and are without authority to set aside the judgment of conviction. It is therefore ordered that the judgment of the court below should be and the same is in all things hereby affirmed.

*Affirmed.*