### DR. L. D. KEY v. THE STATE.

*No. 1066.    Decided January 27th, 1897.*

**1.   Local Option—Information—Sufficiency of.**

Where it was objected to an information for a violation of local option, that it failed to allege that the order by the Commissioners' Court for the local option election, had been published as required by law.   Held:  That the allegation in said information that, "said sale was made after the qualified voters of said county had, at a legal election held for that purpose in accordance with law, determined, that the sale of intoxicating liquors should be prohibited in said county," etc., is sufficient to show that the said election was a legal election and had in pursuance of the requisite requirements pertaining thereto.   Distinguishing, Stewart v. State, 35 Tex. Crim. Rep., 392.

**2.   Same—Evidence Insufficient.**

See evidence, stated in the opinion.   Held:  To be wholly insufficient to support a conviction for the sale of intoxicating liquor in violation of local option.

APPEAL from the County Court of Hunt.    Tried below before Hon. W. H. RAGSDALE, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25, and twenty days' imprisonment in the county jail.

The opinion states the case.

*Alex. Mason* and *J. G. Mathews,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of a violation of the local option law, and fined $25 and given twenty days in the county jail; hence this appeal.    The information upon which this conviction was had, so far as the charging part is concerned, is as follows:    That defendant "did then and there sell to Sidney Daniels intoxicating liquors, to-wit, liquors called 'ginger ale;' and at said time the sale of intoxicating liquor had been previously prohibited, under the laws of said State, in said county, which laws were at said time in full force and effect; and said sale was made after the qualified voters of said county had, at a legal election held for that purpose in accordance with law, determined that the sale of intoxicating liquor should be prohibited in said county; and the Commissioners' Court of said county and State had declared the result, and legally passed an order to that effect, which order had been published as required by law; and said liquor so sold was not sold for sacramental purposes, nor as a medicine, but was sold in violation of law—against the peace and dignity of the State."    A motion was made in arrest of judgment on the following grounds: "That neither the affidavit nor the information filed herein alleges that the order of the Commissioners' Court of Hunt County, Texas, ordering an election to determine whether or not the sale of intoxicating liquor should be prohibited in Hunt County, Texas, had been published as required by law."

This was overruled by the court, and the action of the court is assigned as error. It will be noticed that the information, in this respect, charges as follows: "Said sale was made after the qualified voters of said county had, at a legal election held for that purpose, in accordance with law, determined that the sale of intoxicating liquors should be prohibited in said county," etc. We hold that this general allegation is sufficient to show that the said election was a legal election, and had in pursuance of the necessary requisites pertaining thereto. We do not understand that this particular question was involved in Stewart v. State, 35 Tex. Crim. Rep., 392.

It is contended that the evidence is not sufficient to sustain the verdict of the jury. The proof substantially shows: That the prosecutor, Sidney Daniels, on the 31st day of January, 1896, went to the office of Dr. L. D. Key, who was his family physician, and told him he was actually sick, and wanted some ginger ale. That all intoxicants were known in Greenville as "ginger ale." That said defendant interrogated him as to his condition, asking him if he had fever, and he told him he had fever the night before, and a severe cough. The doctor told him he was taking "la grippe," and advised a stimulant, and went to his desk; and, while there, he asked prosecutor whether he preferred whiskey or gin to take as a stimulant. The prosecutor said he preferred gin. He came back, and asked him if he had the money. He gave him 25 cents, and defendant went, as he supposed, to the place of business of Sansoni, adjoining said office, and brought back a half pint of gin, and told him to take it with hot lemonade, and some tablets which he also gave him. Two other witnesses testify to about the the same effect, but they testify that they saw the doctor writing on a piece of paper at his desk before he went out of the office. The defendant testified: That he was a practicing physician, located at Greenville, in Hunt County, and had been practicing there for several years. That, when the prosecutor applied to him, he questioned him as to his condition, told him he had "la grippe," and needed a stimulant, and then went to his desk and wrote a prescription, prescribing gin; then came back to the prosecutor, and asked him if he had any money, and the prosecutor gave him 25 cents. He then stepped into Sansoni's place of business, which was adjoining his office, and paid 25 cents for the gin, leaving the prescription in said place of business. He then came back and gave the prosecutor the pint of gin, with some tablets, and told him to take the gin in connection with hot lemonade and the tablets. He further testified that he did not feel of prosecutor's pulse, or examine or look at his tongue, but made his examination by questioning the prosecutor as to his condition. He further testified that he had no interest whatever in the business of Sansoni, and that he did not act as his agent in the sale of said gin, but that he bought it for 25 cents for the prosecutor. The prescription was also introduced in evidence, and it was in proper, legal form. If it be conceded that the State made out a prima facie case, when we consider, in connection with this testi-

mony, the evidence for the defendant, it is entirely consistent with all that was testified to on the part of the State, and then goes further, and establishes facts that are not gainsaid by any evidence, which entirely disposes of the case made by the State. All that was testified to by the prosecutor may be true, and yet the defendant was not the seller of the gin, and had no interest in the sale of the same. He was not the agent of the seller, but merely acted for the prosecutor in the purchase of the gin, and in pursuance of a legal prescription. It may be that the examination prior to writing the prescription was a superficial one, and not such as the law requires. But the defendant is not indicted for giving a prescription illegally. The charge is for illegally selling intoxicating liquor in a local option precinct. In our opinion, the evidence is not sufficient to sustain this charge. The judgment is therefore reversed, and the cause remanded.

*Reversed and Remanded.*