### JOHN RHONE v. THE STATE.

#### No. 3721.   Decided May 13, 1908.

**1.—Local Option—Information.**

Where upon trial of a violation of the local option law the information followed approved precedent, there was no error.

**2.—Same—Publication—Certificate and Entry.**

Where upon trial of a violation of the local option law, the entry of the county judge with reference to the publication of the order to put local option in force disclosed the fact that the order of the commissioner's court was made in a newspaper, naming the newspaper; that it was a weekly newspaper, and that the publication occurred in that paper for the time and in the manner required by law, the same was sufficient, and admissible in evidence. Distinguishing Ladwig v. State, 40 Texas Crim. Rep., 585.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law.

The information was attacked for several reasons, none of which we think present any merit. The matters presented by the record have been so frequently passed on we deem it unnecessary to discuss them. The information is valid under the decisions. See Stephens v. State, 97 S. W. Rep., 483; Key v. State, 37 Texas Crim. Rep., 77; Starnes v. State, 52 Texas Crim. Rep., 403; 107 S. W. Rep., 550, and Wade v. State, 52 Texas Crim. Rep., 608; 108 S. W. Rep., 376.

Appellant objected to the introduction of the judge's certificate of the fact of publication of the result, relying upon Ladwig v. State, 40

Texas. Crim. Rep., 585. The certificate in that case was as follows: "I hereby certify that due proclamation of the result of the election held in justice precinct No. 7, Bell County, on the 17th day of December, 1892, has been made as the law requires. (Signed) John M. Furman, county judge of Bell County." Objection was urged in that case to this order because it did not show in which mode the proclamation of said order was made, whether by posting notices or by publication in a newspaper for four successive weeks; (2) the certificate and entry did not show said order to have been published for four successive weeks in any newspaper in Bell County; (3) the certificate and entry does not show that any newspaper was selected by the county judge in which to publish said proclamation of said order; (4) that the certificate and entry does not state any fact or facts, but states a conclusion and opinion of the county judge that said order had been duly and legally proclaimed as required by law. The order in the case under consideration is as follows: After setting out the order of the court declaring the result favorable to local option, and such matters as it contained, it proceeds, as follows: "And, whereas, S. C. Coffee, county judge of Brown County, Texas, did on the 26th day of September, A. D. 1906, select and designate The Pecan Valley News, a weekly newspaper published in Brown County, Texas, to publish said order of said commissioners court, declaring the result of said election, and the order prohibiting the sale of intoxicating liquors in Brown County, Texas; Now, therefore, I, S. C. Coffee, county judge of Brown County, Texas, do, hereby, declare the publication of said order of the commissioners court of Brown County, Texas, prohibiting the sale of intoxicating liquors to be complete by publication in the Pecan Valley News, a weekly newspaper published in Brown County, Texas, for the time and in the manner required by law. Entered on the minutes of the commissioners court of Brown County, Texas, on this 16th day of November, A. D. 1906, at 3 o'clock, p. m. S. C. Coffee, county judge of Brown County, Texas." We are of opinion that this is sufficient. This statement or entry of the county judge upon the minutes discloses the fact that the order of the commissioners court was made in a newspaper, naming the newspaper; that it was a weekly newspaper, and that the publications occurred in that paper for the time and in the manner required by law. A comparison of the order entered by the county judge in the case in hand as compared with that entered in the Ladwig case, supra, will show that the order in the Ladwig case differs widely from that entered in this case. We are of opinion that it was not necessary to mention the different dates of publication of the order in the newspaper; that it was sufficient having stated and certified that the publication occurred in a weekly newspaper selected by the county judge; that it was done for the time and in the manner required by law. Roy Harryman v. State, this day decided.

Finding no reversible errors in the record, the judgment is affirmed.

*Affirmed.*