### GEORGE GARNER V. THE STATE.

No. 18977.   Delivered June 9, 1937.
Rehearing Denied October 13, 1937.

The opinion states the case.

*Roscoe Runge* and *Glenn Capps,* both of Mason, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of unlawfully transporting liquor in dry area, and his punishment was assessed at confinement in the county jail for a period of twenty days.

Appellant's first contention is that the court erred in declining to sustain his motion to quash the complaint and information on the ground that it failed to negative any of the exceptions which might have legally authorized him to transport intoxicating liquor in dry area. It was charged in the complaint and information that on or about the 22nd day of August, 1936, George Garner did then and there in dry area, to-wit: Mason County, unlawfully transport liquor, to-wit: twelve and one-half pints of whisky containing alcohol in excess of one-half of one per centum by volume, after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of all liquors containing alcohol in excess of one-half of one per centum by volume should be prohibited in said connty and such election had resulted in prohibiting the sale of such liquor in said county and the commissioners' court of said county had duly made, passed, and entered its order declaring the result of said election and prohibited the sale of such liquor in said county as required by law which said order was published as required by law and

such fact entered on the minutes of the commissioners' court, etc. The identical question here presented was before this court in the case of Baker v. State, No. 18,666, and decided adversely to the appellant's contention on June 2, 1937 (132 Texas Crim. Rep., 527). See, also, Mayo v. State, 136 S. W., 790.

Bills of exception numbers two, three, and three (a) complain of the action of the trial court in permitting the State to offer in evidence the petition for the election, the order declaring the result of said election, and all other orders of the commissioners' court relating to the adoption of local option within and for the County of Mason. These minutes were properly admitted.

By bill of exception number four appellant complains of the introduction as evidence twelve and one-half pints of whisky taken from appellant's truck by the officers. The objection thereto being that the proper predicate had not been laid for its admission since the purported whisky had not been sufficiently identified so as to authorize its admission in evidence and that the said purported whisky was not in the same condition at the time it was offered in evidence as it was at the time it was alleged to have been taken from him. Looking to the statement of facts we find that the officers testified that each of the twelve and one-half pints of whisky was in the same condition as it was at the time it was taken from the appellant and contained intoxicating liquor in excess of one-half of one per centum of alcohol by volume. Hence we overrule appellant's contention.

Appellant urged a number of objections to the court's charge, the first of which was that the court erred in instructing the jury that Mason County is by law dry area. The objection thereto was that it assumed a state of facts which had not been proven and were not true as a matter of law. If the matter had been contested by the defendant and a controverted issue had arisen from the testimony, then the appellant's contention might be correct; but there was no question as to the county having theretofore adopted local option. Hence the instruction was not an invasion of appellant's legal right or an invasion of the province of the jury. See Dozier v. State, 137 S. W., 679; Looper v. State, 136 S. W., 791.

Appellant's second objection was that the court erred in his charge by instructing the jury that whisky is presumed to be spirituous liquor capable of producing intoxication. His objection to the charge was that it was on the weight of the testimony and created in the mind of the jurors the presumption

that liquor capable of producing intoxication had been offered in evidence. It has been held many times by this court that the court will take judicial knowledge that whisky is intoxicating. See Hambright v. State, 60 Texas Crim. Rep., 253, 131 S. W., 1123; and many other cases might be cited.

Appellant by a motion, at some stage of the proceeding not disclosed by the record, moved the court to suppress and strike out the testimony of the prosecuting witness relating to the finding of whisky in appellant's truck for the reason that the witness without a search warrant and without probable cause searched appellant's truck. If this was borne out by the record appellant's contention might be correct, but the testimony of said witness is to the contrary. We quote from his testimony:

"I could see the cases of beer piled in the back end of the Ford pick up. After I saw the beer we stopped the car and I got out and walked over to the Ford pick up. I was on the driver's side of the car. I did not search the automobile but I just looked in it and saw the whisky there. I walked up and started talking to the driver of the car and while I was talking to him I saw the whisky in the bottom of front seat of the car. George Garner had transported the whisky. . . . He was on the graveled public highway."

We think that under the testimony hereinabove quoted the whisky obtained from the possession of the appellant was not the result of an unreasonable search without probable cause, in fact it was no search at all. Hence the admission in evidence of the whisky was not error.

We have examined all other matters complained of, but fail to find any reversible error.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant recognizes that the case of Baker v. State, 106 S. W. (2d) 308, is in opposition to his contention that the exceptions should have been alleged in the indictment, but urges that the holding in said case is out of line with authorities cited in his brief. Upon original submission of the Baker case our holding was in accord

with appellant's contention, but on rehearing that question was exhaustively considered, and while realizing that our decisions are apparently in conflict, we reached the conclusion that the wording of the statute under construction was not such as to demand averments of the exceptions. Much has been written by our predecessors on the point and the lack of harmony in the opinions may be found based on a slight variance in verbage, or arrangement of sentence, in the statutes then under construction. It is our best judgment that under the wording of the law construed in the Baker case the conclusion reached in our opinion on the State's motion for rehearing is sound. It has been followed in Parker v. State, 106 S. W. (2d) 313; Morris v. State, 106 S. W. (2d) 314 and Taylor v. State, 106 S. W. (2d) 1056.

The motion for rehearing is overruled.

*Overruled.*