### MELVIN THOMPSON V. THE STATE.

No. 19553.   Delivered March 16, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*J. Y. Gray* and *Alex P. Pope*, both of Tyler, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $100.00 and confinement in jail for 30 days.

Appellant entered a plea of guilty. The State introduced testimony showing that on the 21st of April, 1937, an inspector of the Texas Liquor Control Board bought a pint of whisky from appellant. Moreover, the proof was sufficient to show that Cherokee County was a dry area.

The complaint and information failed to allege in terms that the commissioners' court had canvassed the returns of the election and declared the result. However, we find an averment therein as follows: "And thereupon the commissioners' court of said county aforesaid, did pass an order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said Cherokee County, Texas." We quote from Branch's Ann. P. C., Sec. 1224, as follows:

"It is not necessary to allege in terms that the commissioners' court had declared the result of the election; an allegation that the commissioners' court had made an order prohibiting the sale of intoxicating liquors is broad enough to embrace that proposition."

In support of the text many authorities are cited, among them being Holloway v. State, 110 S. W. 745.

We are constrained to hold that it was sufficiently averred that the sale of intoxicating liquor had been prohibited.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In connection with his motion for rehearing appellant presents a further motion requesting that the clerk of this Court be directed to return to the clerk of the court below certain original bills of exception which are attached to the statement of facts on file herein. Also, the Court is requested to direct the clerk of the court below to prepare a supplemental transcript in order that said bills of exception may be brought before this Court in the manner prescribed by law.

Upon original submission appellant sought a reversal of the judgment solely on the ground that the complaint and information failed to allege that the commissioners' court met and canvassed the returns of the local option election held in Cherokee County on the 4th day of June, 1904. This question was given careful consideration by the Court and the conclusion reached that the pleadings were sufficient.

The motion for rehearing is based solely on the ground (and we quote from the motion) that the "judgment is contrary to the settled rule of law governing pleadings, and informations and complaints." It is not averred in the motion that the bills of exception appellant is seeking to have returned to the clerk below for the purpose heretofore mentioned reflect reversible error. In short, the only ground for reversal originally relied upon and now reiterated in the motion for rehearing is that the State's pleadings are insufficient. In Cooper v. State, 265 S. W. 894, we said:

"The State has filed a motion for rehearing, the only ground for which is stated to be 'because the judgment of reversal is contrary to the law and the evidence.' This is entirely too general to challenge the consideration of the Court. The motion should be based on some specific ground pointed out in the motion. Jordan v. State, 64 Texas Crim. Rep. 187, 141 S. W. 792."

If the bills of exception were properly before this Court the motion for rehearing is not sufficient to require their consideration. Hence to grant appellant's request would serve no good purpose, as the motion directs our attention solely to the question of the sufficiency of the pleadings. It follows that the request accompanying the motion for rehearing is denied.

We adhere to the conclusion expressed in the original opinion that the complaint and information are sufficient.

The same question here relied on was again considered and discussed at some length in Wilcoxson v. State, No. 19614, opinion April 6th, 1938 [page 588 of this volume], and decided against appellant's contention.

The motion for rehearing is overruled.