## CLAUD BOYD v. THE STATE.

No. 19714.  Delivered May 11, 1938.
Rehearing denied June 15, 1938.

124

The opinion states the case.

*Smith & Dowdy*, of McKinney, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for unlawful possession of whisky in dry area for purpose of sale; the punishment assessed, a fine of $200.00.

The testimony adduced by the State, briefly stated, shows that peace officers, armed with a search warrant, went to the Nook Cafe in Farmersville and searched it for whisky. In the top of an ice box located in the kitchen, they found Coca-Cola and other soft drinks. This ice box was built in two compartments. Below the soft drinks was a compartment with a drain pipe to which was attached a faucet. Turning the faucet, the officers obtained enough whisky to fill a quart bottle. A half-pint of whisky was found on the person of appellant. Moreover, a number of bottles such as are commonly used for intoxicants were found. The chemist who analyzed the whisky, testified that it contained 43.6% alcohol by volume and that it was intoxicating. The appellant did not testify or offer any affirmative defense.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the complaint and information.

Omitting the formal parts, the complaint and information charged, in substance, as follows: " * * * That on or about the 4th day of September, A. D. 1937, and anterior to the making of this complaint in the County of Collin and State of Texas, Claud Boyd did then and there unlawfully possess for the purpose of sale whisky, after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and the Commissioners Court of said county had duly made, passed, and entered its order declaring the result of said election and prohibiting the sale of intoxicating liquors in said county as required by law, which said

order had been published for the time and in the manner required by law;" etc.

Without entering upon a detailed discussion of the question presented, we deem it sufficient to say that the complaint and information are sufficient to charge the offense. See Holloway v. State, 110 S. W. 745, and authorities there cited; Thompson v. State, No. 19553, decided by this Court on March 16, 1938, and not yet reported. [134 Texas Crim. Rep. 405.]

A similar question as the one presented here by appellant's bill of exception number two was before this Court in the case of Wilcoxson v. State, No. 19614, decided by this Court on April 6, 1938, and not yet reported. [134 Texas Crim. Rep. 588.] For the reasons there assigned, we overrule his contention.

Appellant has urged a number of objections to the court's charge. We have carefully examined each in the order in which they are presented and have reached the conclusion that none of them present reversible error.

We do not believe that a charge on circumstantial evidence was required. The testimony shows that more than a quart of whisky was found on the premises over which the appellant was exercising dominion and control at the time of the search.

All of the other matters complained of by appellant have been considered by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in his motion that the liquid found in the bottom of the Coca-Cola box was not such as could be taken into the human stomach in such quantities as to cause drunkenness. It is true that the chemist testified that there was some iron and sand filtered from the whisky taken from such box, but he also testified that such liquor was drinkable, and if taken in sufficient quantities same would cause drunkenness; that the iron and sand therein would not hurt anyone to drink it, nor could such adulterants be tasted; such whisky could be drunk with pleasure. The analysis thereof showed 43.6% by volume, or 36.5% by weight; it was whisky, a beverage. We know that whisky is intoxicating, and can see

no merit in appellant's contention that such liquor was not a drinkable intoxicant.

The motion will be overruled.