ARTHUR CARPENTER V. THE STATE.

No. 20572. Delivered November 29, 1939.
Rehearing Denied February 7, 1940.

The opinion states the case.

*Barnes, McElroy & Hudspeth,* of Terrell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Kaufman County for the unlawful sale of whisky in a dry area, with punishment assessed at confinement in the county jail for a period of 120 days.

Attack is made by the appellant on the record of the election as introduced in the case in which it is contended that the election was not regularly held. No attack may be made on the election in this proceeding. Ferguson v. State, 110 S. W. (2d) 61.

Again, it is the principal contention on this appeal that the local option law is not in force in Kaufman County at the present time. This question was recently decided by this court in the case of Odell Stephens v. State, No. 20,470, from Brown County, (case not yet reported). (Page 43 of this volume). The contention made by the appellant in this case was not sustained in that opinion. A motion for rehearing was presented and is this day overruled. Accordingly, appellant's Bill of Exception No. 2, together with the other bills relating to the same subject, are overruled.

Another question presented by the appeal is that the representative of the Liquor Control Board who testified to having purchased whisky from the appellant in this case was an accomplice and that a portion of his testimony was not corroborated by other evidence and that, therefore, the conviction should not stand. This question was likewise considered by this court in the case of Stevens v. State, 110 S. W. (2d) 906, and the holding there was contrary to the contention of the appellant on this appeal. Under the authority of that opinion the appellant's Bill of Exception No. 12 is overruled.

In Bill of Exception No. 13, appellant complains of the following instruction contained in the court's charge: "You are instructed that under the law of Texas it is unlawful for any person to sell whisky in a dry area."

The ground of the objection is that it is not unlawful for "any person" to sell whisky in a dry area. We see no reason why the jury might have been mislead by such instruction. Inasmuch as appellant made no contention that he was authorized by any provisions of law to sell whisky in Kaufman County, we do not think he is in a position to complain of this instruction to the jury.

Appellant also complains in Bill of Exception No. 16 of

the action of the county judge in answering a question of the jury, through the sheriff, as to which paper they should write their verdict on. The complaint is that neither the appellant nor his counsel was present when this communication was received and the answer returned by the judge. The appellant was being tried for a misdemeanor, and the rule is different from that in a felony case. Furthermore, this bill was qualified by the court with the statement that this oral instruction was given to the jury direct and not to the sheriff at the time the argument was closed and when he instructed them to retire to consider their verdict, all of which, the qualification says, was done in the presence and hearing of the defendant and his counsel and without any objection being filed at that time. This qualification is a part of the bill and must be so considered by this court. By it no error appears, even if it were a felony prosecution.

There are other bills of exception in the record complaining of the refusal of the court to admit certain testimony of two girls who were called by the appellant as witnesses. A part of the evidence contained in each bill was admissible. Definitely, a large portion of the evidence complained of in each bill was properly excluded, and we are, therefore, precluded from considering the bill even if some portion of the evidence should be held to be admissible and wrongfully excluded. Branch's Ann. Penal Code, p. 135, sec. 211; Tex. Jur., Vol. 4, p. 305, sec. 212, and cases there cited.

No errors appearing in the record, the judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion that we misapprehended his contention relative to the complaint and information in our original opinion wherein it was said that: "No attack may be made on the election in this proceeding." He contends that he was not attempting to make an attack on the election herein, but was making an attack upon the information and complaint in that they had each failed to allege that an election was held in said county under and by virtue of an order of the county commissioners' court of said county theretofore entered, etc. It is true that the information and complaint did both allege that "after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquor should be prohibited in

said county," etc., his contention being that such phase should have further contained the allegation that such election was held "under and by virtue of an order theretofore made and entered by the commissioners court of said county."

We find that the complaint and information herein complained of are an exact copy of Form No. 314, Fourth Edition, of Judge Willson's Texas Criminal Forms, and also a copy of the form laid down by Mr. Branch in his Penal Code, page 688, Sec. 1220. We find that this form has been followed in Key v. State, 37 Texas Crim. Rep. 77, 38 S. W. 773; Shilling v. State, 51 S. W. Rep. 240; Holloway v. State, 110 S. W. Rep. 745; Stephens v. State, 97 S. W. Rep. 483; Starnes v. State, 52 Texas Crim. Rep. 403, 107 S. W. Rep. 550; Wade v. State, 53 Texas Crim. Rep. 184, 109 S. W. Rep, 191, and many other cases. Also see the late case of Boyd v. State, 135 Texas Crim. Rep. 123, 117 S. W. (2d) 457, wherein a complaint identical with this one was upheld by this court.

We quote from Whitmire v. State, 94 S. W. (2d) 742, in which Judge Hawkins said: "Forms for indictments or informations thereunder which have been approved in many cases will be found in Willson's Tex. Cr. Forms (4th Ed.) Form No. 314, p. 169, and in Branch's Ann. Tex. P. C., Sec. 1220, p. 689," and it will be noted that these above mentioned forms are identical with the one herein attacked. It is true that Judge Morrow did say in the opinion in Alexander v. State, 102 S. W. (2d) 209, that: "It is well settled that an information charging the unlawful sale of intoxicating liquor in a dry area must allege that an election was held under an order of the commissioners' court for the purpose of determining whether the sale should be prohibited; that the commissioners' court canvassed the election returns and declared the result; and that the result was published as required by law in force at the time of the election," citing several cases, the trend of the cited cases, however, being that the pleader in local option cases could not adopt the loose pleading of the mere statement that the sale was made in a "dry area," but must of necessity allege the different steps showing a proper election, its result, and the publication of the result thereof, and order prohibiting the sale. In none of such cases is it said, nor do we think it is intended to be said, that the long line of cases above herein quoted should be overruled and that the form here used is inadequate. We do not think the general statement found in the Alexander case, supra, not borne out by the authorities there cited, should upset the long line of precedents holding in

effect that this complaint and information set forth in proper allegations a violation of this special law. Appellant's contention is therefore overruled.

Appellant further contends that the State's witness was an accomplice, and that the court should have so charged the jury. Under the statute, Art. 666, Sec. 23a (8) Vernon's Ann. P. C., it is provided that: "Upon a trial for a violation of any provision of either article I or article II of this act (the liquor act), a conviction may be had upon the uncorroborated testimony of an accomplice."

It is evident that since the passage of this portion of the above act it has not been necessary to corroborate the testimony of one who would be an admitted accomplice. Such a charge should not have been given herein.

The motion is overruled.