GUS WALKER V. THE STATE.

No. 21847. Delivered January 14, 1942.

The opinion states the case.

*Carpenter & Boling,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for selling whisky in a dry area. The punishment assessed is a fine of $200.00.

It was charged in the complaint and information that on or about the 23rd day of March, 1941, the appellant, in Lubbock County, Texas, the same being a dry area, did then and there unlawfully sell and deliver to J. C. Howerton, whisky, etc.

The State introduced in evidence the various orders of the Commissioners' Court showing that prohibition was in full force and effect in Lubbock County prior to the time of the commission of the alleged offense.

The State next introduced J. C. Howerton, who testified in substance that on or about the 23rd day of March, 1941, he in company with one Roberts, went to the home of the appellant located at 1816-C, Avenue A, Lubbock, Texas, and purchased from him a pint bottle of whisky for which he paid him $1.50.

Appellant denied that he sold any whisky to Howerton at the time and place in question. He testified that he did not know Mr. Howerton and had not seen him at any time prior to the trial of the case. Consequently the only real issue raised by the evidence is whether or not appellant sold any whisky to Howerton at the time and place in question, and this issue the jury decided adversely to the appellant's contention.

Appellant urged a number of objections to the court's main charge and requested several special instructions which the court declined to give.

Appellant complains of the court's action in declining to

give his Special Requested Charge No. 1, which reads as follows:

"GENTLEMEN OF THE JURY: You are charged that if you believe from the evidence beyond a reasonable doubt that the defendant, Gus Walker, did in the County of Lubbock, and State of Texas, on or about the 23rd day of March, 1941, sell and deliver alcoholic beverage, to-wit: whiskey, to J. C. Howerton, in a dry area, to-wit: on the premises at 1816-C Avenue A in the City of Lubbock, Texas, there situate, you will find him guilty and assess his punishment at a fine of not less than $100.00 nor more than $1,000.00, or by confinement in the County Jail for not more than one year. However, if you do not so believe or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'not guilty'."

The action of the court in declining to give this special charge or to incorporate one of like import in his main charge reflects a patent error because in the absence of such instruction the court failed to apply the law to the facts and also failed to inform the jury as to what facts they were required to find beyond a reasonable doubt in order to convict. The charge of the court nowhere required the jury to find beyond a reasonable doubt the existence of facts essentially necessary, not only to establish the State's case, but also the appellant's guilt.

Appellant specifically objected to Paragraph 3 of the court's charge which reads as follows:

"The defendant, Gus Walker, has introduced evidence that he never saw the witness J. C. Howerton until the 27th day of March, A. D., 1941, and that he did not sell the witness J. C. Howerton the liquor in question. If you believe such testimony or if you have a reasonable doubt, after considering all of the testimony of the defendant's guilt, you will resolve such doubt in his favor and acquit him."

The objection urged against this charge is that it is on the weight of the evidence and assumes that there is testimony showing the defendant's guilt. We are of the opinion that appellant's position is well founded and that the same should be sustained.

Appellant also objected to the court's charge in which he instructed the jury as a matter of law that Lubbock County

was a dry area. The testimony clearly established that Lubbock County had theretofore adopted local option and no issue was raised by the evidence on that question. Hence the court did not err in so instructing the jury. This question has been before this court many times. See Roberson v. State, 91 S. W. 578; Williams v. State, 39 S. W. 664; Garner v. State, 109 S. W. (2d) 182, and cases therein cited.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.