## L. L. (RED) FORD V. THE STATE.

No. 22461. Delivered March 31, 1943.
On Rehearing May 12, 1943.
State's Motion for Rehearing Denied June 16, 1943.

The opinion states the case.

*Cunningham, Boling & Cooke,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of selling whisky in a dry area and his punishment assessed at a fine of $500.00.

The State's evidence shows that on the night of August 6, 1942, Allan C. Blakely, who had been given money by an agent of the Texas Liquor Control Board with which to buy whisky from anyone who would sell it to him, went to the Hollywood Night Club located in Lubbock County in the City of Lubbock and there purchased from appellant one pint of whisky.

Appellant took the witness stand and admitted that he was at the club on the night in question; that he saw Blakely there but denied that he sold any whisky to him. He testified that some two years or more prior thereto he had sold lots of whisky but that he had reformed.

It was agreed and stipulated by and between appellant and the State that Lubbock County was a dry area.

It will be noted that whether Blakely purchased whisky from the appellant or some other person was a bitterly contested issue. The jury evidently accepted the State's testimony and rejected that of the appellant.. We would not be authorized under the facts to hold that the testimony was insufficient to sustain the jury's conclusion of the appellant's guilt.

By Bill of Exception No. 1 appellant complains of the court's action in declining to give the following special instruction:

"Gentlemen of the Jury: You are further charged herein, that the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and if you have a doubt as to the guilt of the defendant you will give the defendant the benefit of such doubt and say by your verdict, Not Guilty."

That this was a correct legal proposition of law is not questioned, but looking to the court's charge, we find that the court instructed the jury in substance that the defendant, by his plea of not guilty, "is presumed to be innocent until his guilt is established by legal and competent evidence to your satisfaction beyond a reasonable doubt; and in case you have a doubt, after hearing all the testimony, it will be your duty as jurors to resolve that doubt in his favor and say by your verdict, Not Guilty." While the special requested charge may be in more appropriate language than that of the court, yet the court's charge was in substance and effect the same. It was of the same import as the one requested by appellant.

By Bill of Exception No. 2 appellant complains because he was not permitted to show by the State's witness, Frank Mitchell, that he was an agent of the Texas Liquor Control Board and was stationed in the City of Lubbock; that he was in a position to know the bootleggers in Lubbock County; that the defendant had not to his knowledge bootlegged within the past two years. We see no error reflected in the bill. The witness Mitchell may not have had any knowledge and may not have heard that the appellant had been bootlegging within the past two years, but this did not tend to establish his general reputation as a peaceable law-abiding citizen. It was not permissible under the rules of evidence to prove his general reputation as to his particular trait or character by specific acts or conduct or by want of knowledge of specific acts.

Bill of Exception No. 3 reflects the following occurrence: While testifying in his own behalf, appellant stated that until two years ago he had sold a lot of whisky, to which the State objected on the ground that it had no connection with the particular transaction in question, whereupon appellant's counsel remarked that he had a right to prove his general reputation. The court sustained the State's objection, to which appellant excepted, and as ground of his exception, it is recited in the bill that up until two years ago he had been a notorious boot-

legger but had reformed and had not sold any whisky since that time. It will be noted that this is not a fact certified by the court but merely a statement of his ground of objection. Hence the bill is deficient. See Owens v. State, 149 S. W. (2d) 964, and authorities there cited. Moreover, this bill discloses a most unusual method of trying to prove the general reputation of the defendant for being a peaceable lawabiding citizen. There is little doubt in our mind that if a proper predicate had been laid, appellant would have testified to his good general reputation as a law-abiding citizen, provided he knew what that reputation was in the community where he lived and was best known. However, he could not, under the rules of evidence, as the same applies in this state, have proved his general reputation by specific acts of conduct. See Wharton's Criminal Law, 10th Ed., Vol. 1, p. 239, sec. 58.

Bill of Exception No. 4 is, in our opinion, without merit, and we see no need for entering upon an extended discussion thereof.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains because of our ruling relative to his bill of exceptions No. 1, wherein he now attempts to challenge the trial court's charge in a paragraph therein where the appellant's defense is submitted. This defect in the main charge was not called to the trial court's attention at the proper time and in the proper way. Appellant attempts to bring such defect to our attention in connection with reasons stated why the trial court should have given a requested charge on the presumption of innocence and reasonable doubt. The matter now complained of relates to the manner in which the court charged upon appellant's presented defense herein.

The matter relative to appellant's defense was not properly called to the attention of the court below, and we will not consider the same at this time. In the event of another trial herein, we call attention to the case of Walker v. State, 157 S. W. (2d) 887, in which we held it to be error to assume that testimony of

defendant's guilt had been introduced, such charge being strikingly similar to the one belatedly complained of herein.

Bill of exceptions No. 4, which was not written on in our original opinion, has given us concern. It seems that two agents, engaged in ferreting out liquor law violations, went into the Hollywood Club, ostensibly owned by appellant's wife, and there had a conversation with a girl, evidently a waitress. One of the State's witnesses was allowed to testify as follows: "Tell what you generally learned from her. A. I asked her about a pint of whisky. * * * I found out according to what they (she) said I might get a pint off of Red Ford." This was objected to as hearsay, a conversation out of the presence of the defendant, something said by this girl outside of his presence. Evidently this testimony meant that appellant would sell these agents some whisky, and same was rather damaging, the matter at issue herein being the sale of whisky.

This alleged sale was denied by appellant, his contention being that he was asked by the State's witnesses if he knew any bootleggers, and he pointed out two men to them; that he did not sell them any whisky. We think the testimony relative to the waitress pointing out appellant, in her opinion, as a person from whom whisky could be obtained was hearsay and inadmissible and damaging to appellant, and was erroneously admitted.

The motion for a rehearing is granted, the judgment of affirmance is set aside, and this judgment is now reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The State insists that the testimony shown by Bill of Exception No. 4—upon which the reversal of this case was predicated—was rendered harmless to appellant, by reason of his admission that, about two years prior to the alleged offense, he had sold whisky, and that he had since reformed.

While it is true that, ordinarily, objectionable testimony is rendered harmless by the receipt in evidence, without objection, of other testimony to the same effect, yet the rule is not deemed applicable here, because the objectionable testimony went further than did appellant's admission in that it tended,

by hearsay, to show not only that appellant had failed to reform but that he was engaged in selling whisky at the time alleged by the State.

We remain convinced that Bill of Exception No. 4 reflects reversible error.

The State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.