## FRED COX V. STATE

No. 26,909.  March 24, 1954
Rehearing Denied May 5, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion)  May 26, 1954

*Burt Barr,* Dallas, and *A. G. Henry,* Kaufman, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of whisky and wine in a dry area for the purpose of sale; the punishment, 60 days in jail and a fine of $300.00.

Inspector Sparks of the Texas Liquor Control Board testified that on the day in question, in company with other officers and armed with a search wararnt, which he had lost prior to the trial, he arrived at appellant's rural home. The witness stated that after some delay he was admitted to the house and there found an empty quart wine bottle, an empty one-half pint whisky bottle, and an empty pint Bourbon DeLuxe whisky bottle, which bore the Texas State tax stamp No. 20065517. We do not deem it necessary to detail his evidence as to what he found in the bathroom, but we deem it sufficient to show that the bottles had been recently emptied. The witness testified that he and his fellow officers searched the area and that approximately 20 feet from the county road, and diagonally across the road 30 or 40 yards from the appellant's home, he found a box containing six quarts of wine. He stated, "There was a plain path about two feet wide, leading back into these bushes," that the path ended at the bushes, and the path but not the box was visible from the road. He testified that in the immediate area where he found the wine he and his fellow officers found 29 quarts of wine, 4 pints and 12-1/2 pints of whisky, and that one of the bottles of Bourbon DeLuxe whisky bore the Texas State tax stamp No. 20065518.

Inspector Jones testified concerning the tax stamping of whisky.

Deputy Sheriff Shaw testified that, other than appellant's home, the nearest house to where the whisky was found was between a quarter and a half mile away.

The appellant introduced in evidence three pictures of the area in front of his home, including the road. His purpose in doing so was to refute the officer's testimony concerning the trail. They depict a county road with heavy weeds and underbrush across from appellant's home. Beyond the brush is a field,

and on the other side of the field, some distance away, is the home of Will Roberson, who testified and denied ownership of the whisky found. The trail was not discernible in the picture.

Appellant did not testify, but offered his wife who denied that the officers had had a search warrant on the day in question.

Gus Massengill testified that he was employed by appellant and that the officers had gone to the front door of appellant's home instead of the back door as they had testified.

Lathan Stewart testified that he lived in a little house in appellant's back yard, that the land immediately across the road in front of the appellant's home belonged to one Brewer and that he often visited with Roberson and that in doing so he crossed the underbrush wherever he chose.

Appellant's principal contention is that the evidence is not sufficient to support the conviction. This question has given us considerable concern. Though not intended to, the pictures have given us the greatest help. As stated earlier, the evidence supports the conclusion that Mrs. Cox emptied the wine and whisky bottles before admitting the officers. The nearest house to that of appellant's was approximately one-half mile away. In front of appellant's home and across a country lane in a thicket, the whisky and wine were found. This alone would not be sufficient. But in addition thereto we have the evidence of the path and the tax stamps. One bottle of Bourbon DeLuxe whisky bearing a certain numbered tax stamp was in appellant's home. Another bottle of the same brand and bearing the next number was found among the quantity of whisky and wine upon which this prosecution is based. We think it would have been fanciful for the jury to have reached any other conclusion but that both bottles had been purchased by the same person from the same dealer. The court charged on circumstantial evidence, and we deem the evidence sufficient to support the verdict.

Appellant concedes that it is proper to prove up a lost search warrant, but contends that insufficient proof was made in this case. The evidence reflects that Agent Sparks and Deputy Sheriff Lambeth made application to Justice of the Peace Lewis for a search warrant for the appellant's home. Some two weeks prior to the instant trial it was discovered that the warrant was lost. After diligent search, the assistant county attorney and Agent Sparks set about the task of writing another one as near like

the original as Agent Sparks could remember. Neither one remembers who actually typed out this copy. The justice of the peace kept no records, but did remember issuing a search warrant to the named officers "sometime in the Spring." He did not remember it having been returned to him. Agent Sparks testified definitely, however, that he applied for and got the search warrant on the day of the search. Appellant relies upon Glenniwinkel v. State, 114 Texas Cr. Rep. 188, 21 S.W. 2d 514. In that case there was no evidence that the warrant had been dated or signed by the magistrate. Both necessary elements were proven in this case. Who prepared the copy from which the officer testified is not controlling. He testified unequivocally that it was in all respects the same as the warrant which had been lost, and this we think is sufficient. A copy thereof was attached to the record and appears to be regular on its face.

Appellant questions the sufficiency of the information.

The questioned portion is as follows:

" . . . after an election had been held by the qualified voters of said County in accordance with law to determine whether or not the sale of intoxicating liquor should be prohibited in said County, and such election had resulted in favor of prohibiting the sale of such intoxicating liquor in said County, and the Commissioners' Court of said County had canvassed the election returns, and had duly made, passed and entered its order declaring the result of said election prohibiting the sale of such intoxicating liquor in said County, as required by law, which said order had been published for the time and in the manner required by the law in force at the time of said election. . . . ."

His contention is that the information should have charged that the election had been called by the commissioners' court. We agree with appellant and the cases cited by him that a conclusion of the pleader is not sufficient, but we hold the allegations in the information before us to be sufficient.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

BELCHER, Judge.

Appellant, in his motion for rehearing, again contends that the court erred in refusing to quash the complaint and infor-

mation because they failed to allege that an election was held under and by virtue of an order of the commissioners' court to determine whether the sale of intoxicating liquor should be prohibited in Kaufman County.

The questioned portion of the state's pleading is set out in our original opinion in this case.

Appellant's contention here presented was urged as error in Carpenter v. State, 138 Texas Cr. R. 354, 135 S.W. 2d 1002, where we held the same allegation to be sufficient.

Appellant contends that the court erred in instructing the jury that Kaufman County was a dry area because the appellant pleaded not guilty, thereby placing the dry status of the county in issue which should have been submitted to the jury, and further, that the instruction as given was a comment on the evidence.

The record reveals that copies of the minutes of the commissioners' court of Kaufman County which "are copies of the election making Kaufman County a dry county" were introduced in evidence without objection. The clerk of the county court of Kaufman County, while testifying, was asked "And according to your records, Kaufman County was a dry area on May 22, 1953?" (the date in question) and he replied "That's right," to which no objection was made. Whether Kaufman County was a dry area was not controverted, and in the absence of any issue as to the adoption of local option in said county, no error is reflected in instructing the jury that Kaufman County was, by law, a dry area. Garner v. State, 133 Texas Cr. R. 86, 109 S.W. 2d 182; Walker v. State, 143 Texas Cr. R. 155, 157 S.W. 2d 887.

We have examined the other contentions presented by appellant and are of the opinion that they do not show error.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.