### RAY PEARSON V. THE STATE.

No. 20865. Delivered February 28, 1940.

The opinion states the case.

*John D. Dashiell*, of Jacksonville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by the jury for possessing intoxicating liquor in a dry area for the purpose of sale, and sentenced to serve ninety days in the county jail.

We are met at the threshhold of the consideration of this case with the proposition relative to the proof of the dry status of Cherokee County. The whole proof offered for the purpose of showing the dry status of such county is as follows:

"My name is Melvin Sessions. The official position that I hold at this time is County Clerk of Cherokee County, Texas. As County Clerk I am custodian of the records and minutes of Commissioners' Court. I have in my hand Volume D, on pages 516, I have what is styled an Order Calling a Prohibition Election. I have here, on page 520, an Order Canvassing and Declaring the Results of the Election. I have in my hand now, Volume D of the Commissioners Courts' Records of Cherokee County, and opened at p. 523, wherein is recorded the Certificate of Publication.

"I have not found any order canvassing the return showing that prohibition has been repealed in this County, I have examined the records carefully.

"Court admits the above Volume and pages of record."

In our judgment these orders referred to by the county clerk should have been incorporated in this record in order that such a status could be determined by this court. We do not wish to be understood, however, to hold that same would have been necessary in the event of an agreement on the part of appellant that such area was dry. However we find no such agreement in the record.

It is also noted that the trial court did not instruct the jury that Cherokee County was a dry area, but instead he submitted the question to them in the following phrase: "* * * and if you believe such possession for the purpose of sale was in a dry area of Texas, as such has been hereinbefore defined to you," etc.

There are some other matters presented in the record that will doubtless not again occur in the event of another trial hereof.

For the reasons herein stated this judgment is reversed and the cause remanded.